IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| LARRY RUSSELL GORDON,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RANDOLPH NEUGEBAUER, et al.,<br><br>Defendants. | § § § § § § § § § § § §    CIVIL ACTION NO. 1:14-cv-0093-J |

## MEMORANDUM OPINION AND ORDER

On July 5, 2014, Plaintiff filed a Motion for Entry of Default Judgment, requesting that this Court enter a default judgment against Defendant Robert Randolph Neugebauer, a United States Congressman, on the grounds that Plaintiff had properly served the Congressman and the Congressman had failed to respond within twenty-one days. The Court denied Plaintiff's motion on July 8, 2014 "because the record does not reflect proper service upon a person sued for an act or omission occurring in connection with the performance of his or her official duties." Dissatisfied with this ruling, Plaintiff filed a petition for writ of mandamus in the Court of Appeals for the Fifth Circuit, seeking the court's issuance of a writ of mandamus compelling this Court to (1) vacate its July 8, 2014 order and (2) enter an order of default judgment against Defendant Neugebauer. The Fifth Circuit denied Plaintiff's petition in a one-sentence order on September 8, 2014. Thus, Plaintiff has received ample notice from both this Court and the Fifth Circuit that he has failed to satisfy the service of summons requirements mandated by Fed. R. Civ. P. 4.

Notwithstanding this notice, Plaintiff has still failed to comply with the service requirements for serving process on a United States officer who is being sued in his official capacity. Specifically, Rule 4 requires Plaintiff to serve the United States and to send a copy of the summons and complaint by registered or certified mail to the United States officer who is the defendant in the action. *See* Fed. R. Civ. P. 4(i)(2). To serve the United States, Plaintiff must perform two tasks: (1) deliver a copy of the summons and complaint to the local United States Attorney or to an Assistant United States Attorney designated by the U.S. Attorney in a writing filed with the court clerk, and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, DC. *See* Fed. R. Civ. P. 4(i)(1).

Plaintiff was notified by the Court on July 8, 2014 that his attempts to serve Defendant Neugebauer had failed to satisfy the above requirements for proper service of process on a United States Congressman. Specifically, Plaintiff has provided this Court with no evidence that he has mailed the summons and complaint to the United States Attorney General. Although Plaintiff did serve a copy of the summons and complaint on an Assistant United States Attorney, this was done more than 120 days after Plaintiff filed his complaint.

Because Plaintiff has failed to perfect service of process on Congressman Neugebauer within 120 days of the filing of his complaint, the claims against the Congressman are ripe for dismissal without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). However, after reviewing the pleadings in this case, the Court sua sponte concludes that Plaintiff's claims against the Congressman should be dismissed with

prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff Larry Russell Gordon is a sixty-nine-year-old Abilene resident and Vietnam War veteran. Plaintiff states that although he has a warm home and a spouse of many years, "his mission is to care for homeless and discarded veterans in whatever way may be available to his means." This often extends to his spending nights away from home with veterans, "giving them company and emotional support as they seek . . . refuge by sleeping under bridges or whatever shelter they may find in Taylor County, Texas."

On September 24, 2012, Plaintiff visited the Abilene offices of Congressman Robert Randolph Neugebauer while carrying exercise weights. Plaintiff asked to meet with the Congressman but was told that the Congressman was very busy and did not have time. Plaintiff alleges that after he left the office, "and as he paused to adjust the exercise weights he was carrying," he heard laughter coming from the office. He assumed the laughter was directed at him. He again rang the bell. When the door was opened, he said, "you don't have to laugh at me." He then left the building. Following this incident, Plaintiff states that he received a telephone call from Detective William Zimmerman, a member of the United States Capitol Police. Although the exact conversation is not alleged, Plaintiff states that Detective Zimmerman threatened him "with reprisals meant to be believed by Plaintiff to mean imminent bodily injury if he were to ever again visit Defendant Neugebauer's office." Nevertheless, Plaintiff continued to repeatedly visit Congressman Neugebauer's office for almost two years and attempted to meet him in person to no avail.

On April 24, 2014, Plaintiff once again visited the Congressman's office in Abilene. No one answered the door. Plaintiff walked down the hall and began chatting with a receptionist in a nearby office. At some point, two Abilene police officers arrived. When they went toward the elevator, Plaintiff stopped them, allegedly to inquire about the seeming emergency. Plaintiff alleges that the officers started to handcuff him but released him and stated that he was banned from the building where the Congressman's offices were located.

After leaving the building, the Plaintiff gave a television interview with a KATB news reporter in which he stated that he had wanted to discuss veterans' issues with the Congressman and intended to tell the Congressman, "[s]ince I talked to you last, 66 people have taken their lives . . . My brothers are . . . once they're your brother, they're always your brother." After the newscast, the Congressman released the following statement: "For the past few weeks, my staff has been working with a constituent whose behavior has given us reason to be concerned for his well-being. We referred the matter to the Capitol Police and Abilene Police Department so they could provide the assistance required to ensure his health and safety."

That evening, Officer Pruitt of the Abilene Police Department visited Plaintiff's residence and interviewed Plaintiff and his wife. Plaintiff asserted his willingness to give his life to save the lives of others. In his report, Officer Pruitt stated that Plaintiff had made threats toward Congressman Neugebauer, was taking Paxil for depression, had articulated suicidal thoughts, and seemed grandiose and obsessed with the issue of veteran suicide. However, during Plaintiff's preliminary examination on April 25, 2014, Plaintiff stated that he had made no threats toward the Congressman. After the interview, Officer Pruitt left Plaintiff's residence and returned with Judy McDowell, the Medical Crisis Outreach Team Coordinator at the Betty Hardwick Center, a unit of local government that provides mental health services to several counties in Texas.

Plaintiff was then driven to Abilene Behavioral Health—a private mental health facility—where he was admitted as a patient at 2:40 AM on Friday, April 25, 2014.

Plaintiff alleges that on Monday, April 28, 2014, he was informed by Daniel Ryan Freshour, P.A., that his medication needed to be changed and that his signature was required to consent to the change. Plaintiff alleges that he asked to speak to his attorney first, but after pressure from Mr. Freshour, Plaintiff provided his signature and consented to the medication change.

On Monday, April 28, 2014, Abilene Behavioral Health submitted a commitment request to the Taylor County Attorney's Office pursuant to the Texas Mental Health Code. The request was signed by Dr. Duane Miller, the Attending Physician and Medical Director of Abilene Behavioral Health. The request contained an affidavit sworn by Dr. John Crowley, with Plaintiff's diagnosis listed as "Major Depressive Order, recurrent with severe psychosis." On the same day, Dr. Crowley submitted an Application for Court-Ordered Temporary Mental Health Services, requesting that Plaintiff be held for treatment for a period not to exceed ninety days.

A Temporary Commitment Hearing was held on April 30, 2014 at Abilene Behavioral Health via videoconference with the County Court of Taylor County. At the hearing, Mr. Freshour stated that he had changed Plaintiff's medication from Paxil to Depakote and that Abilene Behavioral thus wished to monitor the results of the medication change. Plaintiff alleges that Depakote has certain possible side effects. At the conclusion of the hearing, in which it was determined that the effects of the medication change could be monitored by Plaintiff's private physician, Taylor County Assistant District Attorney Etta Warman decided to withdraw the Motion of Protective Order. Plaintiff was released from the Abilene Behavioral Health facility on the same day.

In his complaint, Plaintiff makes the following factual allegations specific to Defendant Robert Randolph Neugebauer, a United States Congressman. First, Plaintiff alleges that on September 24, 2012, he attempted to meet with Congressman Neugebauer to discuss the recent incident at the U.S. embassy in Benghazi, but was told that the Congressman was too busy and could not meet with him. Plaintiff alleges that he heard unidentified individuals in the Congressman's office laughing at him as he was leaving. Second, Plaintiff alleges that he continually attempted to meet with the Congressman for a period of almost two years. Third, Plaintiff alleges that after attempting to visit Congressman Neugebauer's offices on April 24, 2014, he was informed by Abilene police officers that he was banned from the building. On the same day, Congressman Neugebauer released a statement to the press: "For the past few weeks, my staff has been working with a constituent whose behavior has given us reason to be concerned for his well-being. We referred the matter to the Capitol Police and the Abilene Police Department so they could provide the assistance required to ensure his health and safety."

Fourth, Plaintiff alleges that Congressman Neugebauer directed the Abilene Police Department to arrest him and place him in temporary confinement at Abilene Behavioral Health based on alleged unspecified threats that Plaintiff made toward the Congressman. Fifth, Plaintiff alleges that "Defendant Robert Neugebauer solicited, conspired with others, and succeeded in having Plaintiff silenced and deprived of his liberty through the use of his connections at Capital [sic] Police Department and Abilene Police Department." More specifically, Plaintiff later alleges that Congressman Neugebauer conspired with U.S. Capitol Police detective William Zimmerman and Abilene Police Chief Stan Standridge to "silence, seize and detain the Plaintiff in a mental health institution in order that he may be intimidated and marginalized of his rights guaranteed to him under the Constitution of the United States." Finally, Plaintiff contends that

6

Congressman Neugebauer was not acting pursuant to any legislative function when he allegedly performed these actions.

## SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

As part of its inherent power to manage its own docket, a federal district court can, on its own initiative and unprompted by the parties, consider the sufficiency of a complaint and dismiss the complaint sua sponte for failure to state a claim upon which relief can be granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991). A sua sponte dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate where the procedure employed is fair. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Generally, fairness requires notice of the court's intention and an opportunity to respond. *See Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012). However, the Fifth Circuit has recognized that a district court may dismiss a case without notice and an opportunity to respond or amend the complaint where (1) the plaintiff has already alleged his best case, (2) when further development of factual allegations is unnecessary, or (3) when the court dismisses the claims without prejudice. *See Bazrowx*, 136 F.3d 1054; *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007); *Sapp v. Potter*, No. 1:07-CV-650, 2010 WL 1268156, at *10 (E.D. Tex. Feb. 17, 2010), *aff'd*, 413 F. App'x 750 (5th Cir. 2011). Ultimately, "plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). "At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Id.*

Here, despite being given an opportunity to amend his complaint to address the numerous pleading deficiencies identified by the defendants in their motions to dismiss, Plaintiff's fifty-page First Amended Complaint contains almost no new factual allegations and instead simply substitutes some state common law causes of action for state statutory causes of action. In response to the motions to dismiss filed by other defendants in this action, Plaintiff continues to make unsupported conclusions and simply repleads the facts and law in his First Amended Complaint, provides extensive and unnecessary background information on basic legal principles, and makes bare assertions that "Plaintiff's complaint has been well-pled." Plaintiff has already alleged his best case and, given that Plaintiff's First Amended Complaint was almost totally devoid of new factual allegations, further development of the factual allegations in the complaint is unnecessary. Accordingly, the Court will sua sponte dismiss Plaintiff's claims against Congressman Neugebauer under Fed. R. Civ. P. 12(b)(6) for the reasons outlined in this opinion. *See Jacquez*, 801 F.2d at 792 (upholding district court's sua sponte dismissal of plaintiff's claims where plaintiff initially filed a deficient complaint and then in subsequent pleadings simply repeated sections of the original complaint and asserted that the pleadings were adequate). Plaintiff will not be granted another opportunity to amend his complaint.

## STANDARD FOR RULE 12(b)(6) DISMISSALS

The decision whether to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, is to be evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). A plaintiff's claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleading standard of Rule 8 does not require detailed factual allegations, it does require more than mere labels and conclusions. *See Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Formulaic recitations of the elements of a cause of action will not suffice. *See id.*

To survive a Rule 12(b)(6) dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When making this inquiry, a court must construe the complaint liberally, in favor of the plaintiff "and assume the truth of all pleaded facts." *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Although a court cannot dismiss a claim because it seems likely that the plaintiff will be unsuccessful, the pleadings must still be "factually suggestive" beyond mere conclusory allegations. *Ollie v. Plano Indep. Sch. Dist.*, 564 F. Supp. 2d 658, 660 (E.D. Tex. 2008). Factual allegations must be enough "to raise a right to relief above the speculative level" when assuming all factual allegations as pleaded are true. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is analyzed under the same standard as dismissal under Fed. R. Civ. P. 12(b)(6). *See Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

## DISCUSSION

In his First Amended Complaint, Plaintiff asserts five causes of action against United States Congressman Robert Randolph Neugebauer: (A) violation of 42 U.S.C. § 1983 based on alleged First, Fourth and Fourteenth Amendment violations, (B) false imprisonment, (C) civil conspiracy, (D) violation of Tex. Health & Safety Code § 576.025 (administration of psychoactive medication), and (E) intentional infliction of emotional distress.

### A. *42 U.S.C. § 1983*

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the

United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Section 1983, by its terms, applies only to those persons or entities who act under color of state law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State* . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured") (emphasis added). It does not apply to actions taken by federal officials acting under color of federal law. *See Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1053 (5th Cir. 1993) ("federal officials, acting under color of federal law rather than state law, are not subject to suit under § 1983"); *Eltayib v. Cornell Companies Inc.*, 533 F. App'x 414, 414-15 (5th Cir. 2013) ("[section] 1983 applies to constitutional violations by state, rather than federal, officials").

Plaintiff's First Amended Complaint contains no factual allegations which would suggest that Congressman Neugebauer was acting under the color of state law when he allegedly caused the Abilene Police Department and the United States Capitol Police to arrest Plaintiff and temporarily detain him in a mental health institution. The facts alleged by Plaintiff show that Defendant Neugebauer was acting under the color of federal law in his official capacity as a United States Congressman when he took steps to ensure the safety and security of his local congressional office.

Because Plaintiff has failed to allege facts showing that Defendant Neugebauer was acting under color of state law, his complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Accordingly, the Court dismisses Plaintiff's § 1983 claims against Defendant Robert Randolph Neugebauer. *See Banks v. F.D.I.C.*, 374 F. App'x 532, 534-35 (5th Cir. 2010) (affirming dismissal of plaintiff's § 1983 claims under Rule 12(b)(6) where defendants were federal officials acting under color of federal law); *Nellis v. Gonzales*, No. CIVA 06-1704 CKK, 2007 WL 1033517, at *1 (D.D.C. Mar. 30, 2007) (finding that defendants, including two United States Congressmen, could not be sued under § 1983 because they were acting under color of federal law, not state law).

### B. FALSE IMPRISONMENT

To prevail on a claim of false imprisonment, a plaintiff must show (1) willful detention by the defendant; (2) without plaintiff's consent; and (3) without authority of law. *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). Here, Plaintiff has failed to include any factual allegations in his complaint which would suggest that Defendant Neugebauer willfully detained Plaintiff. Indeed, there are no allegations that Congressman Neugebauer himself ever spoke with or had any interaction with Plaintiff, or otherwise participated in his detention. Furthermore, Plaintiff has failed to show that the alleged detention was performed in the absence of the authority of law. *See Wal-Mart Stores, Inc. v. Resendez*, 962 S.W.2d 539, 540 (Tex. 1998). The Texas Mental Health Code allows law enforcement officials to make a temporary detention of a person without a warrant if (1) the officer has reason to believe the person is mentally ill, (2) the officer has reason to believe that the person poses a substantial risk of serious harm to himself or others, and (3) the officer believes that there is not sufficient time to obtain a warrant. *See* Tex. Health & Safety Code Ann. § 573.001(a). Because Plaintiff has

failed to allege facts showing that Defendant Neugebauer willfully detained Plaintiff and because Plaintiff was taken into custody under the authority of Tex. Health & Safety Code § 573.001(a), Plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Accordingly, the Court dismisses Plaintiff's false imprisonment claim against Defendant Neugebauer.

### C. CIVIL CONSPIRACY

To prevail on a claim of civil conspiracy under Texas law, a plaintiff must show (1) a combination of two or more persons, (2) an object to be accomplished which is unlawful or by unlawful means, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result. *See Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). To survive a Rule 12(b)(6) motion to dismiss on a civil conspiracy claim, a plaintiff must plead enough facts to satisfy both the civil conspiracy claim and the underlying tort on which the conspiracy claim is based. *See Berry v. Indianapolis Life Ins. Co.*, 638 F. Supp. 2d 732, 736 (N.D. Tex. 2009) (noting that civil conspiracy under Texas law is a derivative tort because a defendant's liability for conspiracy depends on participation in an underlying tort); *see also Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).

Here, the underlying tort that Plaintiff appears to base his civil conspiracy claim on is Defendant Neugebauer's alleged violation of 42 U.S.C. § 1983. *See* Pl.'s Am. Compl. 33 ("[Congressman] Neugebauer agreed with Defendant William Zimmerman . . . to silence and prevent Plaintiff in his requests for discussion regarding matters concerning United States military veterans"). However, this Court has already ruled that the allegations in Plaintiff's First Amended Complaint fail to state a § 1983 claim against Defendant Neugebauer upon which relief can be granted. *See* section (A), *supra*. Because Plaintiff has failed to plead facts stating a

claim for the underlying tort on which the civil conspiracy claim is based, the Court dismisses Plaintiff's civil conspiracy claim against Defendant Neugebauer under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### D. TEX. HEALTH & SAFETY CODE § 576.025

Plaintiff also attempts to plead a cause of action under Tex. Health & Safety Code § 576.025(b)(1)-(4), which outlines the procedures required to obtain consent from a patient for the administration of psychoactive medication. However, Section 576.025 does not create a private cause of action—it is a criminal statute and only the state of Texas may prosecute individuals for violation of the statute. *See* Tex. Health & Safety Code Ann. § 571.021 ("[t]he state attorney general and the district and county attorneys within their respective jurisdictions shall prosecute violations of this subtitle [the Texas Mental Health Code]"); Tex. Health & Safety Code Ann. § 571.020(c) (listing punishments involving monetary fines and jail time for violation of any provision of the Texas Mental Health Code). This Court lacks jurisdiction to prosecute such state law crimes. Although 18 U.S.C. § 3231 gives "the district courts of the United States" original jurisdiction over "all offenses against the laws of the United States," it specifically notes that "[n]othing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." 18 U.S.C. § 3231. And in Texas, the Texas state courts have exclusive jurisdiction over state criminal statutes. *See* Tex. Code Crim. Proc. Ann. art. 4.01. Furthermore, the violation of a criminal statute does not give rise to a private cause of action in favor of the victim of the crime. *See Haffke v. U.S. Atty. Gen.*, 3-01-CV-2515-D, 2002 WL 122521, at *2 (N.D. Tex. Jan. 11, 2002) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App. 2001).

Although the Texas Mental Health Code permits the assessment of civil penalties in addition to criminal penalties, an action to recover civil penalties can only be brought by a governmental entity—the mere existence of a civil penalties provision in the Texas Mental Health Code does not create a private cause of action. *See* Tex. Health & Safety Code Ann. § 571.023(b)-(d) (authorizing the Texas Department of State Health Services, the Texas Attorney General, and any district or county attorney to institute a suit to recover civil penalties); *id.* § 571.023(f) (providing that any civil penalties collected shall be deposited in either the general revenue fund of the state of Texas or the general fund of the county in which the suit was heard). Accordingly, Plaintiff's claim under Tex. Health & Safety Code § 576.025 is dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction

### E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that the plaintiff suffered was severe." *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 16 n.3 (Tex. 2008) (quoting *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000)). To satisfy the second element of an intentional infliction of emotional distress claim, the defendant's conduct must be "so extreme in degree, or so outrageous in character, as to go beyond all bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized community." *Brown v. DaimlerChrysler Corp.*, CIV. A. 399CV1286D, 1999 WL 766021, at *2 (N.D. Tex. Sept. 24, 1999) (citing *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993)).

Plaintiff has included no facts in his First Amended Complaint which would suggest that Defendant Neugebauer intentionally acted in a manner that was so extreme and outrageous as to

go beyond all bounds of decency. Indeed, Plaintiff's only factual allegation against Defendant Neugebauer in his section titled "Defendants' Conduct was Extreme and Outrageous" is an assertion that Defendant Neugebauer directed Defendant William Zimmerman to call Plaintiff for the purpose of intimidating him. This factual allegation fails to satisfy the requirements for pleading a claim of intentional infliction of emotional distress. *See Hanners v. Davies*, 4:01-CV-0327-E, 2001 WL 803702, at *3 (N.D. Tex. July 12, 2001) (granting defendant's motion to dismiss plaintiff's intentional infliction of emotional distress claim where plaintiff failed to provide any evidence of defendant's extreme and outrageous conduct and instead made a general assertion that defendant inflicted mental distress). Plaintiff's intentional infliction of emotional distress claim against Defendant Neugebauer is dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### F. OUTRIGHT DISMISSAL VS. LEAVE TO AMEND

Generally, when a court dismisses a plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), the court should give the plaintiff an opportunity to cure the defect by amending the complaint. *See* Fed. R. Civ. P. 15(a)(2) ("[t]he court should freely give leave [to amend the pleadings] when justice so requires"); *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977) ("[g]ranting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim"). Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, however, this Court has already given Plaintiff an opportunity to amend his complaint to respond to and cure the deficiencies identified by Defendants in their respective motions to dismiss. Despite providing this opportunity, Plaintiff's First Amended Complaint

15

contains almost no new factual allegations and instead merely replaces some state statutory causes of action with state common law causes of action. Given the foregoing, those claims that the Court has dismissed in this order are hereby dismissed with prejudice and the Court will not grant Plaintiff leave to further amend his complaint. *See Paul v. Aviva Life & Annuity Co.*, 3:09-CV-1490-B, 2011 WL 2713649, at *10 (N.D. Tex. July 12, 2011), *aff'd*, 487 F. App'x 924 (5th Cir. 2012) (dismissing plaintiff's First Amended Complaint with prejudice because plaintiff had been granted two opportunities to state a claim and further amendment would be futile).

## CONCLUSION

The Court finds that Plaintiff's claims against Congressman Robert Randolph Neugebauer are ripe for dismissal because Plaintiff has failed to perfect service on the Congressman within 120 days of the filing of his complaint. However, based on a close review of the pleadings, the Court has sua sponte decided to dismiss Plaintiff's claims against the Congressman, with prejudice, because they fail to state a claim upon which relief can be granted. Accordingly, Plaintiff's claims against Defendant Robert Randolph Neugebauer are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Signed this 17¢ day of November, 2014.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE